[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14508
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01006-TWT


ALEX HIGDON,

Plaintiff-Appellant,

versus

DAWN R. SMITH,
Esq.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 8, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Alex Higdon appeals from the district court's dismissal of his pro se civil

rights suit, in which he sought damages under 42 U.S.C. § 1983 and under Georgia

state statutes, against Dawn Smith, who served as a guardian ad litem in his prior divorce and custody proceedings in Georgia state court.  On appeal, Higdon argues that: (1) Smith acted "under color of state law" when she allegedly committed fraud in the inducement by misrepresenting her credentials and her affiliation with the Autism Society of America before he agreed to her appointment; and (2) his § 1983 claims were not barred by the witness immunity doctrine because she was not acting as a witness when she made the misrepresentations.  After careful review, we affirm.

As an initial matter, although we liberally construe pro se briefs, "issues not briefed on appeal by a pro se litigant are deemed abandoned."  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  It is notable that Higdon does not address his Georgia state claims in the argument section of his brief.  His arguments expressly and exclusively relate to his § 1983 claims.  Consequently, he has abandoned any arguments as to his state claims.  Id.

We review de novo a district court's Federal Rule of Civil Procedure 12(b)(6) dismissal for failure to state a claim, taking all alleged facts as true and construing them in the light most favorable to the plaintiff.  Butler v. Sheriff of Palm Beach Cnty., 685 F.3d 1261, 1265 (11th Cir. 2012) (citation omitted).  In order to overcome a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "a

claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To prevail in a § 1983 suit, a plaintiff must show that the defendant is a state actor. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). A private party is only considered a state actor in the "rare circumstances" that the private party meets one of three recognized tests: the State compulsion test, the public function test, or the nexus/joint action test. Id. (quotation omitted). To meet the State compulsion test, the state must have "coerced or at least significantly encouraged" the complained-of action. Id. The public function test requires that the private party was performing a public function "that was traditionally the exclusive prerogative of the State." Id. "[T]he mere fact that a State regulates a private party is not sufficient to make that party a State actor." Id. at 1348.

Under the nexus/joint action test, a private party can be viewed as a state actor where "the State had so far insinuated itself into a position of interdependence" with the private party that it was a joint participant in the action. Id. at 1347 (quotation omitted). To satisfy this third test, the private party must be "intertwined in a symbiotic relationship" with the government. Focus on Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1278 (11th Cir. 2003). In Rayburn, we held that foster parents were not state actors under the nexus/joint action test, even though they arguably were involved in a symbiotic relationship

3

with the government, because the state did not encourage or sanction the child abuse that gave rise to the plaintiff's claim.  241 F.3d at 1348.  We noted that, under this test, "conduct is fairly attributable only when the [S]tate has had some affirmative role, albeit one of encouragement short of compulsion, in the particular conduct underlying a claimant's civil rights grievance."  Id.  (quotation omitted).

Under Georgia's Uniform Superior Court Rules, guardians ad litem are appointed to assist the court in domestic relations cases by representing the best interests of the children involved.  Ga. Unif. Super. Ct. R. 24.9(3).  A guardian ad litem must conduct an investigation and make a recommendation to the court, but a guardian ad litem's recommendation is "not a substitute for the court's independent discretion and judgment[.]"  Id. 24.9(6).

In Harvey v. Harvey, we addressed whether a person who had been involuntarily committed could recover under § 1983 from a state-appointed emergency guardian who recommended her committal.  949 F.2d 1127, 1129-33 (11th Cir. 1992).  In that case, we determined that the guardian was not a state actor for the purposes of § 1983 under the public function test because "Georgia statutes neither compel nor encourage involuntary commitment."  Id. at 1130-33.  Further, the Georgia statute governing involuntary commitment did not establish a sufficient nexus between the guardian and the state to render the guardian a state actor.  Id. at 1131-33.  Finally, we rejected the plaintiff's contention that the state

4

law that "guid[ed] private participation in this function effectively transforms the private participant into a state actor," stating that the guardian's conduct was not within the exclusive prerogative of the state. Id. at 1131.

Here, the district court properly determined that Smith was not a "state actor" for the purposes of § 1983. In his complaint, Higdon did not allege that the state coerced or "significantly encouraged" Smith to misrepresent her credentials and affiliations, nor did he argue that the state coerced her to take any of the other complained-of conduct. Instead, in his brief to this Court, Higdon emphasized that Smith had an obligation under state law to be truthful about her credentials and affiliations. Consequently, Smith is not a state actor under the state compulsion test. Nor is Smith a state actor under the public function test, as recommendations regarding custody have not traditionally been within the "exclusive prerogative of the state." While the state appoints guardians ad litem for the purposes of such recommendations, private parties, including expert witnesses, commonly make custody recommendations. Finally, Smith is not a state actor under the nexus/joint action test. Even assuming that Higdon's allegations establish a symbiotic relationship between Smith and the government, they did not evidence that the government encouraged or sanctioned Smith's particular conduct underlying Higdon's claim, namely, her allegedly false representations about her credentials and affiliations.

As in <u>Harvey</u>, Smith was appointed by the state as a guardian, and the state regulated her conduct.  <u>Harvey</u>, 949 F.2d at 1131-33; Ga. Unif. Super. Ct. R. 24.9. However, contrary to Higdon's assertions, the fact this regulatory rule exists is not sufficient to render Smith a state actor for the purposes of § 1983.  <u>See</u> <u>Harvey</u>, 949 F.2d at 1131-33; <u>Rayburn</u>, 241 F.3d at 1348. Further, in light of our determination that Smith was not a state actor for the purposes of § 1983, we need not reach the issue of the witness immunity doctrine.

**AFFIRMED.**

6